■ JASON ADER, Appellant, v LORI ADER, Respondent. [803 NYS2d 10]—

Orders, Supreme Court, New York County (Judith J. Gische, J.), entered July 19, 2004 and December 14, 2004, respectively, which granted motions by defendant to enforce provisions of the parties' separation agreement and determined that, pursuant to the agreement, defendant was entitled to earnings adjustment units in appropriate percentage to her shares of stock in Bear Stearns, and that defendant was entitled to 42.5% of 83.33% of the value of the deferred compensation shares plaintiff actually received for the year 2000, and that under the agreement defendant was entitled to reasonable legal fees on the motions, unanimously affirmed, with costs. The matter is remanded to Supreme Court, New York County, for determination of defendant's reasonable attorney fees in this appeal.

A review of the governing separation agreement provides no support for plaintiff's contention that earnings adjustment units were not to be distributed to defendant from his deferred compensation plan. The agreement plainly and unambiguously provides that defendant is entitled to all accretions and earnings on the shares to which she is entitled under the agreement and makes no distinction between dividend earnings and earnings adjustment units. Nor does the agreement support plaintiff's contention that the defendant's distribution from the deferred compensation plan for the year 2000 was to be based on the value of the shares to be distributed from the plan for that year as of November 30, 2000. Manifestly, plaintiff's representation as to the aggregate value of the subject shares on November 30, 2000 was not intended to preclude defendant from receiving a distribution calculated on the basis of the value of the deferred compensation shares for the year 2000 plaintiff actually received. Because the subject provisions are clear, the proposed interpretations are contrary to the contract's plain language (*see Evans v Famous Music Corp.*, 1 NY3d 452, 458 [2004]; *and see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 163 [1990]; *Matter of Missionary Sisters of Sacred Heart, Ill. v New York State Div. of Hous. & Community Renewal*, 283 AD2d 284, 288 [2001]). Inasmuch as defendant prevailed on her motions in establishing plaintiff's breaches of the separation agreement, she was, pursuant to the agreement, entitled to an award of reasonable legal fees. She is moreover entitled to reasonable legal fees on this appeal. Concur—Tom, J.P., Marlow, Ellerin, Williams and McGuire, JJ.